UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAN M. MEDENDORP,

    Plaintiff,

CASE NO. 1:11-CV-266

v.

HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 24), Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (docket # 25), and Defendant's Response to Plaintiff's Objections (docket # 26). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's objections; and Defendant's response to Plaintiff's objections.  The Magistrate Judge recommends that the Court affirm the Commissioner's decision denying Plaintiff's claim for disability insurance benefits and deny Plaintiff's request for remand under sentence six of 42 U.S.C. § 405(g).  (Report and Recommendation, docket # 4, 11-12.)  After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

Plaintiff raises three objections to the Report and Recommendation.  First, she asserts that the Magistrate Judge incorrectly analyzed whether the ALJ adequately evaluated Dr. Van Wingen's medical opinion.  (Obj., docket # 25, at 1-3.)  She claims that, contrary to the Magistrate Judge's findings, "the ALJ did not articulate good reasons for rejecting the opinion of the Plaintiff's treating doctor, did not perform any analysis pursuant to 20 CFR § 404.1527, and did not articulate the actual weight given to the opinion evidence." (*Id.* at 3.)  The Court disagrees.  It is undisputed that Dr. Van Wingen was Plaintiff's treating physician.  The ALJ reviewed and considered Dr. Van Wingen's treatment of Plaintiff, and, for reasons the ALJ described, chose not to give Dr. Van Wingen's conclusions and findings great weight.  (A.R. 21-22).  Among other things, the ALJ explicitly described Dr. Van Wingen's specialty and the Plaintiff's treatment history with Dr. Van Wingen. (*Id.*)  The ALJ noted that Dr. Van Wingen's statement in the record discussed Plaintiff's current condition, not the period at issue in the disability review.  The ALJ observed that "when asked if claimant were unable to do sedentary work when he began treating her in August 2000, [Dr. Van

Wingen] said that was a 'fair bet.' But in doing so, Dr. Van Wingen contradicts his own medical records in that they do not contain any indication of such limitations." (*Id.*) After reviewing the record, the Magistrate Judge found that the ALJ articulated good reasons for not giving Dr. Van Wingen's conclusions and findings more weight. (R. and R., docket # 24, at 7.) Plaintiff objects that the Magistrate Judge did not explain why the ALJ's reasoning was sufficient. (Obj., docket # 25, at 1-2.) On the contrary, the Magistrate Judge details precisely why the ALJ's reasoning was sufficient. The Report and Recommendation accurately delineates the applicable legal standards (R. and R., docket # 24, at 5-6) and plainly explains how the ALJ's reasoning satisfies those standards. (*Id.* at 7-8.) Plaintiff's first objection fails.

Plaintiff also objects that the Magistrate Judge misunderstood her claim challenging the findings of the Vocational Expert. (Obj., docket 25, at 3.) Plaintiff explains that she was not contesting the VE's qualifications, as the Magistrate Judge suggested, but was challenging the ALJ's failure to elicit an explanation of conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). (*Id.* at 4.) Plaintiff directs the Court's attention to SSR00-4p, which states:

> When a VE . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE . . . evidence and information provided in the DOT. In these situations, the adjudicator will:
> Ask the VE . . . if the evidence he or she has provided conflicts with information provided in the DOT; and
> If the VE's . . . evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

Plaintiff points out that the ALJ did not inquire about possible conflicts between the VE evidence and the DOT. (Obj., docket # 25, at 4.) Plaintiff claims that the testimony of the VE actually did

3

conflict with the DOT. (*Id.*) But the VE testified as to Plaintiff's past relevant work as she actually performed it. (A.R. at 50-51.) The type of conflict SSR 00-40 anticipates is not present here. *Kyle v. Comm'r of Social Security*, 609 F.3d 847, 853, n. 9 (6th Cir. 2010) ("The type of conflict [SSR 00-4p] anticipates is not between the type of job claimant performed in the past and that which the VE opines [her] skills can transfer to in the future, but a conflict between the type of jobs the claimant has been determined by [a] VE to be able to perform and the DOT job description of the capabilities and skills required to do the job."); *see also Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003)("[W]e know of no circuits that have found a 'conflict in a discrepancy between, on the one hand, the expert's description of the job that the claimant actually performed, and the Dictionary's description of the job as it is performed in the national economy."). To the extent the ALJ neglected to inquire about possible conflicts between VE evidence and the DOT, the error was harmless, because there was no conflict of the sort SSR 00-4p contemplates.

Finally, Plaintiff objects to the Magistrate Judge's determination that a sentence six remand for consideration of new evidence submitted by Dr. Van Wingen is not appropriate.[1] (Obj., docket # 24, at 4-5.) A sentence six remand is appropriate only if it is shown that the evidence at issue is both new and material, and that good cause exists for the failure to place the evidence in the record in an earlier proceeding. *Hollon ex rel. Hollon v. Comm'r of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006)(citing 42 U.S.C. § 405(g)). "Evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding," and is material only if a reasonable probability exists that the Commissioner would have reached a different disposition if the new

---

[1] The Plaintiff raises no objection to the Magistrate Judge's determination that a sentence six remand for consideration of new evidence submitted by Dr. O'Rourke also is not appropriate.

4

evidence had been part of the record." *Id.* To satisfy the "good cause" requirement, a claimant must "demonstrat[e] a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Id.* at 485.

The proposed new evidence here is a revised opinion from Dr. Van Wingen dated March 5, 2010. (A.R. 231-39.) Plaintiff says she submits the revised opinion to make clear that Dr. Van Wingen's original statement, which the ALJ read to pertain almost exclusively to the present rather than to the time period at issue in the case, actually pertained to the entire period at issue. However, the proposed new evidence is not new; it was available all along. Plaintiff could have obtained this clarification from Dr. Van Wingen when he provided his opinion the first time. For the same reason, Plaintiff fails to establish good cause for not presenting the evidence in the hearing before the ALJ.

In finding a lack of good cause, the Magistrate Judge also points out that the evidence was generated after the hearing and submitted for the purpose of attempting to prove disability. (R. and R., docket # 24, at 10-11.) Plaintiff asserts that the revised opinion "does not contest the ALJ's decision," but rather "clarifies the assumption by the ALJ" that Dr. Van Wingen's original statement primarily discussed Plaintiff's current condition instead of her condition during the applicable period. (*Id.*) This is a false distinction. The purpose of the clarification, generated after the hearing though available before the hearing, was to prove disability, as the Magistrate Judge found. A sentence six remand for such evidence is not appropriate.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 24) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.


Dated:  March 23, 2012	/s/ Robert J. Jonker
	ROBERT J. JONKER
	UNITED STATES DISTRICT JUDGE